## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA



| | | |
|---|---|---|
| TIM WARR'S CUSTOM HOME PLANS, LLC, | § § | |
| Plaintiff, | § § § | **CIVIL ACTION NO.** 1:07CV88 - MHT |
| v. | § § | |
| GENE HUGHES, | § § | **DEMAND FOR JURY TRIAL** |
| Defendant. | § | |

### COMPLAINT

Plaintiff sues Defendant and alleges:

### NATURE

1.    This action is being brought against the Defendant, Gene Hughes,

because he used the Plaintiff's, Tim Warr's, homebuilding plans

without Mr. Warr's permission, authorization or license in violation of

the Federal Copyright Act of 1976, Title 17, United States Code. The

defendant is a homebuilder and the plaintiff drafts homebuilding

plans. The Defendant built at least 23 homes using the Plaintiff's

plans without compensating the Plaintiff.

## JURISDICTION AND VENUE

2.    This action arises out of the Federal Copyright Act of 1976, Title 17,

United States Code. Jurisdiction is founded on Title 28, United States

Code, Section 1338(a). Venue is conferred by Title 28, Unied States

Code, Section 1400(a).

## THE PARTIES

3.    Plaintiff, Tim Warr's Custom Home Plans, LLC., is a limited liability

company, organized and existing pursuant to the laws of the State of

Alabama, with its principal place of business at 1000 Forest Drive,

Dothan, Alabama.

4.    Defendant, Gene Hughes, is, upon information and belief, a citizen of

the United States, residing at 433A Daleville Avenue, Daleville,

Alabama.

## STATEMENT OF FACTS

5.    Plaintiff, Tim Warr's Custom Home Plans, LLC., designs and draws

homebuilding plans.

6.    Defendant Gene Hughes is a home builder.

7.    The Defendant contracted with the Plaintiff for the purchase and use

of the Plaintiff's homebuilding plans.

8.  For the purpose of this complaint, the homebuilding plans in question are referred to as Plans A through H.

9.  The Defendant purchased homebuilding plans from the Plaintiff for their one time use.

10.  Plaintiff became aware that his homes were being built in locations that the Plaintiff was not compensated for.

11.  The Plaintiff determined that the homes in question were being built by Gene Hughes.

## COUNT I

12.  Plaintiff realleges paragraphs 1 through 11 above.

13.  Plaintiff is the creator and original owner of an original architectural work entitled "Plan A".

14.  "Plan A" was originally created by Plaintiff on or around February 8, 2002.

15.  Plaintiff complied in all respects with the Federal Copyright Act and all other laws governing copyright, and secured exclusive rights and privileges in and to the copyright of "Plan A".

16.  Plaintiff is the owner of the entire right, title and interest in and to "Plan A" and in and to the copyright thereon.

17.    Defendant purchased the right to build "Plan A" exclusively at the addresses 113 Riverview Drive, Daleville, Alabama and 517 Riverview Court, Daleville, Alabama and did build "Plan A" at said locations.

18.    Defendant built "Plan A" at two other locations, 304 Riverview Court, Daleville, Alabama and 769 Wildwood, Daleville, Alabama without the permission, authorization or license of Plaintiff and without providing just compensation to Plaintiff.

19.    Plaintiff is entitled to any profits of the Defendant infringer on the sale of the houses listed in paragraph 18.

20.    Plaintiff has employed the services of the law firm Cochran, Cherry, Givens, Smith, Lane & Taylor and has agreed to pay the same a reasonable fee.

**WHEREFORE**, Plaintiff requests the following relief:

A.    The Defendant, his agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily enjoined from infringing the aforementioned copyright, from constructing any structure based on "Plan A" or its derivatives and from reproducing or

4

otherwise distributing or selling "Plan A" or its derivatives in whole or in part.

B.    The Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of Plaintiff's copyright and Defendant's unfair trade practices and unfair competition and to account for all:

    a.    Gains, profits and advantages derived by Defendant through such trade practices and unfair competition; and

    b.    Gains, profits and advantages derived by the Defendants through his infringement of Plaintiff's copyright.

C.    That Defendant be required to pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed Plaintiff by the Court.

D.    Such other and further relief as is just.

## COUNT II

21.    Plaintiff realleges paragraphs 1 through 20 above.

22.    Plaintiff is the creator and original owner of an original architectural work entitled "Plan B".

5

23. "Plan B" was originally created by Plaintiff on or around June 11, 2003.

24. Plaintiff complied in all respects with the Federal Copyright Act and all other laws governing copyright, and secured exclusive rights and privileges in and to the copyright of "Plan B".

25. Plaintiff is the owner of the entire right, title and interest in and to "Plan B" and in and to the copyright thereon.

26. Defendant purchased the right to build "Plan B" exclusively at the addresses 207 Riverview Drive, Daleville, Alabama, 305 Riverview Court, Daleville, Alabama, 161 Grittney Road, Daleville, Alabama, 165 Grittney Road, Daleville, Alabama and 202 Riverview Road, Daleville, Alabama and did build "Plan B" at said locations.

27. Defendant built "Plan B" at 171 Grittney Road, Daleville, Alabama, 103 Riverview Road, Daleville, Alabama, 106 Riverview Road, Daleville, Alabama, 110 Riverview Road, Daleville, Alabama, 205 Riverview Road, Daleville, Alabama and 213 Riverview Road, Daleville, Alabama without the permission, authorization or license of Plaintiff and without providing just compensation to Plaintiff.

6

28.   Plaintiff is entitled to any profits of the Defendant infringer on the sale of the houses listed in paragraph 27.

29.   Plaintiff has employed the services of the law firm Cochran, Cherry, Givens, Smith, Lane & Taylor and has agreed to pay the same a reasonable fee.

**WHEREFORE**, Plaintiff requests the following relief:

A.    The Defendant, his agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily enjoined from infringing the aforementioned copyright, from constructing any structure based on "Plan B" or its derivatives and from reproducing or otherwise distributing or selling "Plan B" or its derivatives in whole or in part.

B.    The Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of Plaintiff's copyright and Defendant's unfair trade practices and unfair competition and to account for all:

a.    Gains, profits and advantages derived by Defendant through such trade practices and unfair competition; and

b.    Gains, profits and advantages derived by the Defendant through his infringement of Plaintiff's copyright.

C.    That Defendant be required to pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed Plaintiff by the Court.

D.    Such other and further relief as is just.

## COUNT III

30.    Plaintiff realleges paragraphs 1 through 29 above.

31.    Plaintiff is the creator and original owner of an original architectural work entitled "Plan C".

32.    "Plan C" was originally created by Plaintiff on or around August 13, 1999.

33.    Plaintiff complied in all respects with the Federal Copyright Act and all other laws governing copyright, and secured exclusive rights and privileges in and to the copyright of "Plan C".

34.    Plaintiff is the owner of the entire right, title and interest in and to "Plan C" and in and to the copyright thereon.

35.   Defendant purchased the right to build "Plan C" exclusively at the address 112 Comanche Drive, Daleville, Alabama and did build "Plan C" at said location.

36.   Defendant built "Plan C" at two other locations, 167 Grittney Road, Daleville, Alabama and 118 Comanche Drive, Daleville, Alabama without the permission, authorization or license of Plaintiff and without providing just compensation to Plaintiff.

37.   Plaintiff is entitled to any profits of the Defendant infringer on the sale of the houses listed in paragraph 36.

38.   Plaintiff has employed the services of the law firm Cochran, Cherry, Givens, Smith, Lane & Taylor and has agreed to pay the same a reasonable fee.

**WHEREFORE**, Plaintiff requests the following relief:

A.   The Defendant, his agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily enjoined from infringing the aforementioned copyright, from constructing any structure based on "Plan C" or its derivatives and from reproducing or

9

otherwise distributing or selling "Plan C" or its derivatives in whole or in part.

B.    The Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of Plaintiff's copyright and Defendant's unfair trade practices and unfair competition and to account for all:

a.    Gains, profits and advantages derived by Defendant through such trade practices and unfair competition; and

b.    Gains, profits and advantages derived by the Defendant through his infringement of Plaintiff's copyright.

C.    That Defendant be required to pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed Plaintiff by the Court.

D.    Such other and further relief as is just.

## COUNT IV

39.    Plaintiff realleges paragraphs 1 through 38 above.

40.    Plaintiff is the creator and original owner of an original architectural work entitled "Plan D".

41. "Plan D" was originally created by Plaintiff on or around April 21, 2001.

42. Plaintiff complied in all respects with the Federal Copyright Act and all other laws governing copyright, and secured exclusive rights and privileges in and to the copyright of "Plan D".

43. Plaintiff is the owner of the entire right, title and interest in and to "Plan D" and in and to the copyright thereon.

44. Defendant purchased the right to build "Plan D" exclusively at the addresses 118 Comanche Drive, Daleville, Alabama, 310 Riverview Court, Daleville, Alabama and 904 Alberta Street, Daleville, Alabama and did build "Plan D" at said locations.

45. Defendant built "Plan D" at 114 Comanche Drive, Daleville, Alabama, 132 Comanche Drive, Daleville, Alabama, 163 Grittney Road, Daleville, Alabama, 169 Grittney Road, Daleville, Alabama, 175 Grittney Road, Daleville, Alabama and 220 Riverview Road, Daleville, Alabama without the permission, authorization or license of Plaintiff and without providing just compensation to Plaintiff.

46. Plaintiff is entitled to any profits of the Defendant infringer on the sale of the houses listed in paragraph 45.

47.    Plaintiff has employed the services of the law firm Cochran, Cherry,

Givens, Smith, Lane & Taylor and has agreed to pay the same a

reasonable fee.

**WHEREFORE**, Plaintiff requests the following relief:

A.    The Defendant, his agents, employees, successors and assigns

and all those holding with, through or under them, or acting on

their behalf, be preliminarily enjoined from infringing the

aforementioned copyright, from constructing any structure

based on "Plan D" or its derivatives and from reproducing or

otherwise distributing or selling "Plan D" or its derivatives in

whole or in part.

B.    The Defendant be required to pay to Plaintiff such damages as

Plaintiff has sustained in consequence of Defendant's

infringement of Plaintiff's copyright and Defendant's unfair

trade practices and unfair competition and to account for all:

a.    Gains, profits and advantages derived by Defendant

through such trade practices and unfair competition; and

b.    Gains, profits and advantages derived by the Defendant

through his infringement of Plaintiff's copyright.

12

C.     That Defendant be required to pay to Plaintiff the costs of this

action and reasonable attorney's fees to be allowed Plaintiff by

the Court.

D.     Such other and further relief as is just.

## COUNT V

48.   Plaintiff realleges paragraphs 1 through 47 above.

49.   Plaintiff is the creator and original owner of an original architectural

work entitled "Plan E".

50.   "Plan E" was originally created by Plaintiff on or around October 5,

2004.

51.   Plaintiff complied in all respects with the Federal Copyright Act and

all other laws governing copyright, and secured exclusive rights and

privileges in and to the copyright of "Plan E".

52.   Plaintiff is the owner of the entire right, title and interest in and to

"Plan E" and in and to the copyright thereon.

53.   Defendant purchased the right to build "Plan E" exclusively at the

addresses 199-205 Lakeview Drive, Daleville, Alabama and did build

"Plan E" at said location.

54.   Defendant built "Plan E" at 207-213 Lakeview Drive, Daleville,

Alabama and 215-221 Lakeview Drive, Daleville, Alabama without

the permission, authorization or license of Plaintiff and without

providing just compensation to Plaintiff.

55.   Plaintiff is entitled to any profits of the Defendant infringer on the sale

of the houses listed in paragraph 54.

56.   Plaintiff has employed the services of the law firm Cochran, Cherry,

Givens, Smith, Lane & Taylor and has agreed to pay the same a

reasonable fee.

**WHEREFORE**, Plaintiff requests the following relief:

A.    The Defendant, his agents, employees, successors and assigns

and all those holding with, through or under them, or acting on

their behalf, be preliminarily enjoined from infringing the

aforementioned copyright, from constructing any structure

based on "Plan E" or its derivatives and from reproducing or

otherwise distributing or selling "Plan E" or its derivatives in

whole or in part.

B.    The Defendant be required to pay to Plaintiff such damages as

Plaintiff has sustained in consequence of Defendant's

infringement of Plaintiff's copyright and Defendant's unfair

trade practices and unfair competition and to account for all:

  a.  Gains, profits and advantages derived by Defendant

      through such trade practices and unfair competition; and

  b.  Gains, profits and advantages derived by the Defendant

      through his infringement of Plaintiff's copyright.

C.  That Defendant be required to pay to Plaintiff the costs of this

action and reasonable attorney's fees to be allowed Plaintiff by

the Court.

D.  Such other and further relief as is just.

## COUNT VI

57.  Plaintiff realleges paragraphs 1 through 56 above.

58.  Plaintiff is the creator and original owner of an original architectural

work entitled "Plan F".

59.  "Plan F" was originally created by Plaintiff on or around September 9,

2004.

60.  Plaintiff complied in all respects with the Federal Copyright Act and

all other laws governing copyright, and secured exclusive rights and

privileges in and to the copyright of "Plan F".

61.    Plaintiff is the owner of the entire right, title and interest in and to "Plan F" and in and to the copyright thereon.

62.    Defendant purchased the right to build "Plan F" exclusively at the address 304 Riverview Court, Daleville, Alabama and did build "Plan F" at said location.

63.    Defendant built "Plan F" at 219 Riverview Drive, Daleville, Alabama without the permission, authorization or license of Plaintiff and without providing just compensation to Plaintiff.

64.    Plaintiff is entitled to any profits of the Defendant infringer on the sale of the house listed in paragraph 63.

65.    Plaintiff has employed the services of the law firm Cochran, Cherry, Givens, Smith, Lane & Taylor and has agreed to pay the same a reasonable fee.

**WHEREFORE**, Plaintiff requests the following relief:

A.    The Defendant, his agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily enjoined from infringing the aforementioned copyright, from constructing any structure based on "Plan F" or its derivatives and from reproducing or

otherwise distributing or selling "Plan F" or its derivatives in whole or in part.

B.    The Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of Plaintiff's copyright and Defendant's unfair trade practices and unfair competition and to account for all:

a.    Gains, profits and advantages derived by Defendant through such trade practices and unfair competition; and

b.    Gains, profits and advantages derived by the Defendant through his infringement of Plaintiff's copyright.

C.    That Defendant be required to pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed Plaintiff by the Court.

D.    Such other and further relief as is just.

## COUNT VII

66.    Plaintiff realleges paragraphs 1 through 65 above.

67.    Plaintiff is the creator and original owner of an original architectural work entitled "Plan G".

17

68. "Plan G" was originally created by Plaintiff in or around March 1, 2005.

69. Plaintiff complied in all respects with the Federal Copyright Act and all other laws governing copyright, and secured exclusive rights and privileges in and to the copyright of "Plan G".

70. Plaintiff is the owner of the entire right, title and interest in and to "Plan G" and in and to the copyright thereon.

71. Defendant purchased the right to build "Plan G" exclusively at the address 113 Comanche Drive, Daleville, Alabama and did build "Plan G" at said location.

72. Defendant built "Plan G" at 133 Comanche Drive, Daleville, Alabama, 173 Grittney Road, Daleville, Alabama and 177 Grittney Road, Daleville, Alabama without the permission, authorization or license of Plaintiff and without providing just compensation to Plaintiff.

73. Plaintiff is entitled to any profits of the Defendant infringer on the sale of the houses listed in paragraph 72.

74. Plaintiff has employed the services of the law firm Cochran, Cherry, Givens, Smith, Lane & Taylor and has agreed to pay the same a

reasonable fee.

**WHEREFORE**, Plaintiff requests the following relief:

A.    The Defendant, his agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily enjoined from infringing the aforementioned copyright, from constructing any structure based on "Plan G" or its derivatives and from reproducing or otherwise distributing or selling "Plan G" or its derivatives in whole or in part.

B.    The Defendant be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendant's infringement of Plaintiff's copyright and Defendant's unfair trade practices and unfair competition and to account for all:

a.    Gains, profits and advantages derived by Defendant through such trade practices and unfair competition; and

b.    Gains, profits and advantages derived by the Defendant through his infringement of Plaintiff's copyright.

C.    That Defendant be required to pay to Plaintiff the costs of this

action and reasonable attorney's fees to be allowed Plaintiff by

the Court.

D.    Such other and further relief as is just.

## COUNT VIII

75.    Plaintiff realleges paragraphs 1 through 74 above.

76.    Plaintiff is the creator and original owner of an original architectural

work entitled "Plan H".

77.    "Plan H" was originally created by Plaintiff on or around March 14,

2005.

78.    Plaintiff complied in all respects with the Federal Copyright Act and

all other laws governing copyright, and secured exclusive rights and

privileges in and to the copyright of "Plan H".

79.    Plaintiff is the owner of the entire right, title and interest in and to

"Plan H" and in and to the copyright thereon.

80.    Defendant purchased the right to build "Plan H" exclusively at the

address 163 Grittney Road, Daleville, Alabama but did not build

"Plan H" at said location.

81.    Defendant built "Plan H" at 165 Grittney Road, Daleville, Alabama

without the permission, authorization or license of Plaintiff and

without providing just compensation to Plaintiff.

82.    Plaintiff is entitled to any profits of the Defendant infringer on the sale

of the house listed in paragraph 81.

83.    Plaintiff has employed the services of the law firm Cochran, Cherry,

Givens, Smith, Lane & Taylor and has agreed to pay the same a

reasonable fee.

**WHEREFORE**, Plaintiff requests the following relief:

A.    The Defendant, his agents, employees, successors and assigns

and all those holding with, through or under them, or acting on

their behalf, be preliminarily enjoined from infringing the

aforementioned copyright, from constructing any structure

based on "Plan H" or its derivatives and from reproducing or

otherwise distributing or selling "Plan H" or its derivatives in

whole or in part.

B.    The Defendant be required to pay to Plaintiff such damages as

Plaintiff has sustained in consequence of Defendant's

infringement of Plaintiff's copyright and Defendant's unfair

trade practices and unfair competition and to account for all:

    a.    Gains, profits and advantages derived by Defendant

          through such trade practices and unfair competition; and

    b.    Gains, profits and advantages derived by the Defendant

          through his infringement of Plaintiff's copyright.

C.    That Defendant be required to pay to Plaintiff the costs of this

    action and reasonable attorney's fees to be allowed Plaintiff by

    the Court.

D.    Such other and further relief as is just.

## COUNT IX
## BREACH OF CONTRACT

84.    Plaintiff realleges paragraphs 1 through 83 above.

85.    A valid contract existed between Plaintiff and Defendant for the one

    time use of each homebuilding plan listed above in paragraphs 17, 26,

    35, 44, 53, 62, 71 and 80.

86.    The Plaintiff performed under contract by providing the homebuilding

    plans to the Defendant.

87.    The Defendant failed to perform under contract by using the

    homebuilding plans outside the scope of the agreement.

88. The Plaintiff was damaged by the Defendant's breach of contract in that the Plaintiff did not receive just compensation for the Defendant's use of the Plaintiff's homebuilding plans.

89. The Plaintiff is entitled to the value of the use of the homebuilding plans listed in paragraph 84 and such other and further relief as is just.

## COUNT X
## CONVERSION

90. Plaintiff realleges paragraphs 1 through 89 above.

91. The Defendant appropriated the homebuilding plans listed in paragraphs 17, 26, 35, 44, 53, 62, 71 in exclusion or defiance of the Plaintiff's rights under a claim of title inconsistent with his own.

92. The Plaintiff is entitled to the value of the use of the homebuilding plans listed in paragraph 91 and such other and further relief as is just.

## JURY DEMAND

Plaintiff requests trial by jury of all issues triable by jury under Alabama and federal law.

Dated: <u>January 29, 2007</u>                   Respectfully submitted,

**COCHCRAN, CHERRY, GIVENS,**
**SMITH, LANE & TAYLOR, P.C.**

**JAKE A. NORTON**
163 W. Main Street
P. O. Box 927
Dothan, AL. 36302
(334) 793-1555 – Phone
(334) 793-8280 – Facsimile


<u>Defendant may be served at:</u>

Mr. Gene Hughes
433A N. Daleville Avenue
Daleville, AL  36322-2053

24