IN THE MIDDLE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIM WARR'S CUSTOM HOME PLANS, LLC, § § § | |
| PLAINTIFF, § § | |
| V. § | CASE NO.: 1:07-cv-88-MHT |
| § § | |
| GENE HUGHES, § § | |
| DEFENDANT. § | |

**MEMORANDUM BRIEF OF DEFENDANT
IN SUPPORT OF MOTION TO DISMISS**

COMES NOW the Defendant, Gene Hughes, and submits the following memorandum brief in support of his motion to dismiss.

### I.   FACTS AND PROCEDURAL HISTORY.

The Plaintiff, Tim Warr's Custom Home Plans, LLC ("Tim Warr") filed suit on January 31, 2007 against Gene Hughes alleging that Mr. Hughes violated the Federal Copyright Act of 1976 by utilizing homebuilding plans drawn by Mr. Warr on multiple occasions without paying for those plans multiple times. (Complaint of Plaintiff). Tim Warr also alleged state law claims of breach of contract and conversion. (Complaint of Plaintiff).

Prior to filing suit, Tim Warr failed to register or pre-register his alleged copyrighted plans with the U.S. Copyright Office and his complaint lacks any mention of the certification requirements of the Act. (Complaint of Plaintiff).

The Defendant has filed an Answer raising lack of subject matter jurisdiction as an affirmative defense and simultaneously filed a motion to dismiss for lack of subject matter jurisdiction.

## II.     ARGUMENT.

### A.     *Plaintiff's failure to register or pre-register his copyrighted plans deprives this Court of subject matter jurisdiction.*

The copyright act provides that "no action for infringement of the copyright in any United States work[1] shall be instituted until registration or pre-registration of the copyright claim has been made in accordance with this title."  17 U.S.C. § 411(a).  Thus, registration of the copyright is a jurisdiction prerequisite to an infringement suit.  *M.G.B. Holmes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488 (11th Cir. 1990), *citing Haan Crafts Corp. v. Craftmasters, Inc.*, 683 F. Supp. 1234, 1242 (N.D. Ind. 1988) ("[A] lawsuit for copyright infringement cannot be filed unless Plaintiff has a *registered* copyright . . . . This is a jurisdictional requirement which must be satisfied before a federal court can entertain a copyright infringement claim.");  *Demetriades v. Kaufmann*, 680 F. Supp. 658, 661 (S.D. N.Y. 1998) ("Receipt of an actual certificate of registration or denial of the same is a jurisdictional requirement, and this Court can not prejudge the determination to be made by the copyright office.");  *Dodd v. Fort Smith Special School District No. 100*, 666 F. Supp. 1278, 1282 (W.D. Ark. 1987) ("Under the Copyright Act . . . registration of the copyright,  while not a prerequisite to having a protectable interest,

---

[1] "United States work" in the context of pictorial or graphic representations of buildings is defined by Section 101 as a building or structure located in the United States.  17 U.S.C. § 101.

is a jurisdictional prerequisite to the initiation of an infringement suit in federal court."); *Quincey CableSystems, Inc. v. Sully's Bar, Inc.*, 650 F. Supp. 838, 850 (D. Mass. 1986) ("Copyright registration under Section 411(a) is a condition precedent to filing an infringement action."); *Wales Industrial, Inc. v. Hasbro Bradley, Inc.,* 612 F. Supp. 510, 515 (S.D. N.Y. 1985) ("Registration of a copyright claim is a jurisdictional prerequisite to a suit for infringement."); *Conan Properties, Inc. v. Mattel, Inc.,* 601 F. Supp. 1179, 1182 (S.D. N.Y. 1984) ("Without registration of the copyrights the suit is barred and absent an allegation of the copyrights have been registered the complaint is defective."); *Techniques, Inc. v. Rohn,* 592 F. Supp. 1195, 1197 (S.D. N.Y. 1984) ("Pursuant to 17 U.S.C. § 411(a) . . . it has been held repeatedly that ownership of a copyright Registration is a jurisdictional prerequisite to an action for infringement."); and *International Trade Management, Inc. v. United States*, 1 Cl. Ct. 39, 553 F. Supp. 402, 403 (1982) ("A suit for copyright infringement is conditioned on obtaining (or being denied) a certificate of registration."). *See also Gerig v. Krause Publications, Inc.,* 33 F. Supp. 2d 1304, 1306 (D. Kan. 1999).

    Because the Plaintiff has not registered or preregistered any of the copyrighted drawings made the basis of his suit, nor alleged in his Complaint compliance with the registration requirement, this Court lacks subject matter jurisdiction to hear Plaintiff's suit. *See Rohn,* 592 F. Supp. At 1197 ("A complaint which fails to plead compliance with § 411(a) is defective and subject to dismissal.").

### III.  CONCLUSION.

Based upon the foregoing, the Defendant prays that this Court will dismiss the above-styled case for lack of subject matter jurisdiction.

Respectfully submitted,

| | |
|---|---|
| _s/ *Alan Livingston*_____ | *s/ William W. Nichols*_____ |
| ALAN LIVINGSTON (LIV007) | WILLIAM W. NICHOLS (NIC027) |
| *Attorney for Defendant* | *Attorney for Defendant* |
| LEE & McINISH, ATTORNEYS | LEE & McINISH, ATTORNEYS |
| 238 West Main Street  (36301) | 238 West Main Street  (36301) |
| Post Office Box 1665 | Post Office Box 1665 |
| Dothan, Alabama 36302 | Dothan, Alabama 36302 |
| Telephone (334) 792-4156 | Telephone (334) 792-4156 |
| Facsimile (334) 794-8342 | Facsimile (334) 794-8342 |
| alivingston@leeandmcinish.com | wnichols@leeandmcinish.com |

### CERTIFICATE OF SERVICE

I hereby certify that on **February 16, 2007,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following Jake A. Norton, Esq.

Dated this the 16th day of February, 2007.

                                   s/ *William W. Nichols*_____
                                   Of Counsel